IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ERIC LAMAR POWELL, | : | |
| Plaintiff | : | |
| VS. | : | NO. 1:06-CV-98(WLS) |
| DOUG McGINLEY, *et al.*, | : | |
| Defendants | : | **O R D E R** |

Plaintiff **ERIC LAMAR POWELL**, apparently now a former prisoner at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff complains that he was "detained in a cell for 26 hours each day" for an unspecified time period pursuant to a prison policy that has been in place for several years at the Dougherty County Jail. Plaintiff also appears to assert a claim against certain of the defendants based on their alleged interference with plaintiff's disciplinary appeal.

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his claims and allegations can be made. Accordingly, plaintiff is instructed to supplement his complaint by describing the specific actions or omissions of each

named defendant which he alleges constituted mistreatment of plaintiff. Plaintiff must describe in detail how each of the defendants is responsible for the alleged deprivation of his constitutional rights. With respect to the allegation that plaintiff was detained in his cell, plaintiff is instructed to provide specific details regarding the duration of such detention, including any periods in which plaintiff was not confined in his cell. Plaintiff should also specify any injuries he suffered as a result of the allegedly excessive detention.

Plaintiff is hereby given twenty (20) days from receipt of this order to submit a supplemental complaint, limited to the above claims. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the court.

**SO ORDERED**, this 10th day of August, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE